UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **KNOWLEDGE A-Z, INC.,** ) | |
| ) | |
|   **Plaintiff,** ) | |
| ) | |
|     vs. ) | CAUSE NO. 1:05-1019-cv-RLY-WTL |
| ) | |
| **JIM WALTER RESOURCES, INC., et al.,** ) | |
| ) | |
|   **Defendants.** ) | |

### ORDER REGARDING MOTION TO COMPEL

This cause is before the Magistrate Judge on a motion to compel filed by Defendants Dennis Siepel and Action Authority LLC ("Defendants"). The motion is fully briefed, and the Magistrate Judge, being duly advised, **DENIES** the motion for the reasons set forth below.

The instant motion arises out of a stand-off of sorts between counsel in this case. On August 2, 2006, Defendants served their discovery request on Plaintiff consisting of interrogatories, document requests and requests for admission. Plaintiff requested and received two extensions of time to respond, making its response due on November 17, 2006. However, on October 27, 2006, Judge David F. Hamilton entered an order permitting the withdrawal of Plaintiff's counsel, establishing a deadline for the appearance of new counsel, and providing that "[a]ll other deadlines are hereby extended indefinitely." Plaintiff contends, and the Magistrate Judge agrees, that this order excused Plaintiff from serving its discovery responses by November 17th.[1]

New counsel appeared for Plaintiff on December 6, 2006. On January 24, 2007,

---

[1] The Defendants argue that Judge Hamilton's order only extended court-approved case management deadlines. However, the order does not refer to "case management deadlines," but rather to "*all* deadlines." Further, since a corporation cannot represent itself, it would have been impossible for the Plaintiff, a corporation, to respond to discovery requests without counsel.

Magistrate Judge Baker, who was at that time assigned to this case, scheduled a pretrial conference "to address case management issues" for February 13, 2007; this conference later was reset by Judge Baker for March 5th. The parties were directed to confer regarding appropriate deadlines prior to the conference; to that end, on February 28th, Plaintiff filed a proposed schedule, which included the provision that all outstanding discovery would be responded to within 30 days of the date the schedule was entered by the Court. The Defendants filed an objection to this provision. Also on February 28th, the Plaintiff responded to the Defendants' outstanding discovery requests by objecting to them all on the ground that Defendants' counsel's representation of the Defendants violated the applicable Rules of Professional Responsibility and therefore it was improper for the Defendants to serve discovery requests at all. The next day, Plaintiff filed a motion to disqualify Defendants' counsel.

Judge Baker's entry memorializing the March 5th conference amended the case management deadlines, but did not mention the outstanding discovery. Shortly thereafter, both Judge Hamilton and Judge Baker recused themselves from this case in light of the Plaintiff's motion to disqualify Defendants' counsel, which implicated work by Barnes & Thornburg during the time that both judges practiced with that firm. The case was reassigned to Judge Richard L. Young and the undersigned Magistrate Judge on April 11, 2007.

On May 18, 2007, the Defendants filed the instant motion to compel. The Defendants take the position that the Plaintiff is deemed to have admitted the requests for admission because it did not respond to the requests for admission by the November 17th deadline. As explained above, that deadline was "extended indefinitely" by Judge Hamilton's order. Therefore there was no failure to timely respond, and the Defendants' motion is **DENIED** to the extent that it seeks a ruling that the requests for admission are deemed admitted.

The Defendants also argue that the Plaintiff's February 28th "response" to their discovery requests was both untimely and improper. Again, it was not untimely; the deadlines had been extended indefinitely, and no new deadline had yet been established. The Magistrate Judge also does not find the Plaintiff's position that it should not be required to respond to the discovery requests prepared by Defendants' attorneys until the Court ruled on the motion to disqualify those attorneys to be entirely unreasonable. Novel, for sure, but not so unreasonable that it may be equated with a failure to response. Therefore, the Defendants' motion also is **DENIED** to the extent that it seeks a ruling that the Plaintiff has waived any objections to its interrogatories and document requests; the Plaintiff's response was sufficient to preserve any such objections.

The Court has now ruled on the motion to disqualify and determined that disqualification is unnecessary, and the Defendants report in a Sur-reply to their motion to compel that the Plaintiff has now supplemented its response to the discovery requests. Accordingly, the Defendants' motion is **DENIED AS MOOT** to the extent that it sought to have the Plaintiff respond to the discovery requests while the motion to disqualify was pending.

In their surreply, the Defendants raise two substantive (i.e. not related to waiver) issues regarding the Plaintiff's supplemental response. The Magistrate Judge considers this to be a new motion to compel to which the Plaintiff is entitled to respond. However, the two substantive issues raised in the motion are not complex, and therefore an expedited briefing schedule is appropriate. Accordingly, by **August 28, 2007**, the Plaintiff shall file a response that addresses the Defendants' arguments regarding (1) whether the Defendants exceeded the twenty-five interrogatory limit; and (2) whether the Plaintiff must organize and label the documents they have produced to correspond with the Defendants' document requests. The Defendants may file a reply by **August 31, 2007**.

SO ORDERED:   08/22/2007

3

_William T. Lawrence_
Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Kevin M. Boyle
OVERHAUSER LAW OFFICE
kboyle@overhauser.com

Mark J. Dinsmore
BARNES & THORNBURG LLP
mark.dinsmore@btlaw.com

Kandi Kilkelly Hidde
BINGHAM MCHALE
khidde@binghammchale.com

John T L Koenig
BARNES & THORNBURG LLP
jkoenig@btlaw.com

John R. Maley
BARNES & THORNBURG
jmaley@btlaw.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES
poverhauser@overhauser.com

Rafael A. Sanchez
BINGHAM MCHALE
rsanchez@binghammchale.com

Dennis Scott Schell
OVERHAUSER LAW OFFICE
dschell@overhauser.com

DANIEL MADDOX
13550 Uhl Lane NW
Palmyra, IN 47164