**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **KNOWLEDGE A-Z, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CAUSE NO.  1:05-1019-cv-RLY-WTL** |
| ) | |
| **JIM WALTER RESOURCES, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER REGARDING MOTION TO COMPEL**

In a surreply to an earlier motion to compel, Defendants Dennis Siepel and Action Authority LLC (hereinafter referred to as "Defendants") raised two issues that the Magistrate Judge treated as a new motion to compel.  That motion is now fully briefed, and the Magistrate Judge, being duly advised, **GRANTS** the motion for the reasons set forth below.

First, the Plaintiff  has taken the position that the Defendants exceeded the twenty-five interrogatory limit because their eleven interrogatories really number thirty-six when all discrete subparts are counted as required by Federal Rule of Civil Procedure 33(a).  As the Defendants correctly point out, each of them is entitled to serve twenty-five interrogatories, for a total of fifty.  Accordingly, even assuming that the Plaintiff's counting of discrete subparts is correct, the Defendants have not exceeded their limit.  Therefore, the Defendants' motion to compel is **granted** as to this issue, and the Plaintiff shall serve its responses to the Defendants' interrogatories **within 21 days of the date of this Entry**.

Next, the parties dispute whether the Plaintiff's document production satisfies Federal Rule of Civil Procedure 34(b) which provides, in relevant part:  "Unless the parties otherwise agree, or the court otherwise orders, . . . a party who produces documents for inspection shall produce them as they are kept in the ordinary course of business or shall organize and label them to correspond

with the categories in the request." Some of the Plaintiff's documents are maintained at the home of its president; the Plaintiff has searched those documents and produced responsive documents, identifying the document request(s) to which each document is responsive. The remaining documents relating to the Plaintiff's business currently are maintained by the Plaintiff in approximately fifty boxes that are kept in a storage facility. According to the Plaintiff, "[t]he bulk of the documents are housed in labeled folders and organized in boxes or related folders just as the documents would be organized in an office filing system," Plaintiff's Response at 8, although the outside of the boxes themselves apparently are not labeled, *see* Defendants' Reply at 4. Rather than searching through these boxes for responsive documents, the Plaintiff has made them all available to the Defendants for inspection.

    The Defendants assert that the documents in the warehouse are kept in such a disorganized manner that they do not qualify as "kept in the ordinary course of business" for Rule 34(b) purposes. As the cases cited to by the Plaintiff suggest, there certainly are circumstances in which providing unfettered access to documents stored in a warehouse will satisfy Rule 34(b). In fact, this might well be one of those circumstances, although the Plaintiff has not provided sufficient information for the Magistrate Judge to make that determination with any certainty. However, Rule 34(b) clearly gives the court the discretion to require a party to label the documents it produces to correspond with the relevant document requests rather than producing them as they are kept in the ordinary course of business. For several reasons, the Magistrate Judge determines that it is appropriate to exercise that discretion in this case. First, as noted above, the Plaintiff at least impliedly concedes that not all of the documents, but rather only "the bulk" of them, have been maintained in an organized manner. Second, inasmuch as the Plaintiff is a going business concern and its president accesses the warehoused documents for business purposes, it is likely that its

president's familiarity with the manner in which the documents are organized will make it less burdensome for the Plaintiff to sift through and find the relevant documents than it would be for the Defendants to do so.  Finally, it is the Plaintiff who filed this case, and it is also the Plaintiff who chose to store its documents in an unconventional manner; therefore it is equitable for the Plaintiff to bear the burden of searching for the documents that are relevant to this case.  Accordingly, the Defendants' motion to compel also is **granted** as to this issue, and the Plaintiff shall produce all of the documents responsive to the Defendants' document requests labeled according to which requests they are responsive to **within 21 days of the date of this Entry**.

SO ORDERED:   10/23/2007

_William T. Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Kevin M. Boyle
OVERHAUSER LAW OFFICE
kboyle@overhauser.com

Kandi Kilkelly Hidde
BINGHAM MCHALE
khidde@binghammchale.com

John T L Koenig
BARNES & THORNBURG LLP
jkoenig@btlaw.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES
poverhauser@overhauser.com

Rafael A. Sanchez
BINGHAM MCHALE
rsanchez@binghammchale.com

Dennis Scott Schell
OVERHAUSER LAW OFFICE
dschell@overhauser.com