UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KNOWLEDGE A-Z, INC., )  )  Plaintiff, )  )  vs. )  )  JIM WALTER RESOURCES, INC., et al., )  )  Defendants. ) | CAUSE NO.  1:05-1019-cv-RLY-WTL |

**ENTRY RESOLVING MOTIONS RELATING TO REVISED NON-PARTY SUBPOENAS**

This cause is before the Magistrate Judge on several motions that relate to the revised non-party subpoenas that were issued by Defendants Jim Walter Resources, Inc., and Guy Hensley (hereinafter referred to as "JWR") to Neal Sinclair and Raymond Seach following the Magistrate Judge's order granting the motion of non-parties Nigam Arora and Lovii Arora to quash the original non-party subpoenas issued to Sinclair and Seach.  The Magistrate Judge, being duly advised, resolves those motions as set forth below.

JWR's original subpoenas sought all documents, etc., in the possession or control of Sinclair and Seach relating to four lawsuits to which the Aroras were parties.  The Magistrate Judge agreed with the Aroras that the subpoenas were overly broad and should have been limited to information relating to Knowledge AZ, Inc., or the eWarehouseA-Z software program.  The Magistrate Judge therefore granted the motion to quash, and further ruled that:

> Assuming that JWR serves new, properly narrowed subpoenas, the Magistrate Judge also agrees that it is appropriate to give the Aroras' counsel the opportunity to review the documents that are produced in response to the new subpoenas before they are made available to the Defendants in this case.  Accordingly, the documents received shall be reviewed by counsel only – not the parties – until such time as counsel for the Aroras is given the opportunity to review the documents and object to the production of any of them or, as appropriate, request that they be subject to the terms of the protective order in this case.

JWR did, in fact, serve more narrow subpoenas as directed.  In an apparent misinterpretation of the

Magistrate Judge's order, the parties agreed that the documents would first be served only on counsel for the Aroras, Stephen Vaughan. In fact, the Magistrate Judge contemplated that the documents also would be served on counsel for JWR; that way JWR (by counsel) would be able to respond to any objections made by Mr. Vaughan in an informed manner, while any confidential documents would be protected from disclosure to the Defendants themselves.

In any case, Mr. Vaughan inspected the documents on behalf of the Aroras and objected to the production of the bulk of them on the ground that they were not responsive to the subpoena. At that point, at the request of Mr. Arora, Mr. Vaughan apparently bowed out of the dispute, emailing counsel for JWR and asking him to contact Mr. Arora directly to discuss the matter. In light of the contentiousness of this litigation thus far, JWR's counsel was reluctant to communicate directly with Mr. Arora, in spite of having Mr. Vaughan's written consent; however, Mr. Arora did not wish to incur additional attorney fees by having Mr. Vaughan be involved in the process. Seach and Sinclair, quite sensibly, declined to produce any documents to JWR absent direction from this Court. In an attempt to resolve the stalemate, JWR filed a Motion to Compel the Production of Documents Responsive to Non-Party Subpoenas (dkt. #228).

In response to JWR's motion to compel, Mr. Arora filed a document entitled Motion to Compel JWR/Hensley to Accept and Sinclair/Seach to Produce Only Those Documents That Comply with the Subpoena and a Motion for Enlargement of Time to Respond to Other Issues Raised by the Conduct of JWR/Hensley (dkt. #232). As an initial matter, while Mr. Arora has titled this filing a "motion," it is, in fact, a response to JWR's motion. Accordingly, Mr. Arora is not entitled to file a reply brief, and his motion for extension of time to do so (dkt. #245) therefore is **DENIED**.

Mr. Arora first complains that JWR failed to serve the motion to compel on him. Mr.

Arora is not a party to this action; therefore, JWR technically was not required to serve him. Because the motion related to an issue that Mr. Arora clearly was involved in, however, the efficient course of action was for JWR to serve him, because the Court likely would require such service and the opportunity for the Aroras to respond before ruling on the motion. Presumably knowing that to be the case, JWR's counsel did, in fact, serve the Aroras, via their attorney, Mr. Vaughan. It is true that Mr. Arora had indicated his preference to proceed *pro se* in this matter and Mr. Vaughan had given JWR's counsel permission to speak to Mr. Arora directly. However, under the somewhat murky circumstances surrounding the status of Mr. Vaughan's representation of Mr. and Mrs. Arora[1] with regard to the subpoenas, it was entirely appropriate for JWR's counsel to err on the side of caution and serve the Aroras through Mr. Vaughan, relying upon him to forward documents to the Aroras as appropriate.

Next, Mr. Arora poses a series of questions, without elaboration or explanation. The questions suggest that Mr. Arora believes that JWR has somehow acted improperly by serving the amended subpoenas on Sinclair and Seach; this is curious, in light of the fact that JWR was invited to do so by the Magistrate Judge's prior order. The questions also suggest that Mr. Arora believes JWR has "attempted to circumvent" that prior order and used subpoenas "as an after-the-fact 'ruse' to cover up prior forgeries, stealing, fraud, and conspiracy"; it is unclear to the Magistrate Judge how he believes that has occurred and, again, Mr. Arora seems to be ignoring the fact that the narrowed subpoenas were contemplated by the prior order.

Mr. Arora asks in his motion that Seach and Sinclair be ordered to produce only the following documents: (1) all documents containing the name eWarehouseAZ; and (2) "[a]ll

---

[1]The Magistrate Judge notes that Mr. Vaughan also represents Mrs. Arora in this matter, *see* docket number 187, and there is no indication in the record before the Court that she wishes to proceed *pro se*.

documents containing the name KnowledgeAZ, Inc. <u>and</u> that cover the time period of November 2002 to July 2003 as stated in the subpoena, <u>and</u> contain information on financial conditions or management or operations for the specified time period." Mr. Arora also asks that he be permitted to inspect the documents before they are provided to JWR. These requests are denied. Mr. Arora has had ample opportunity to object to the production of any particular document and explain the reason for the objection. He has not taken that opportunity, but instead now seeks to rewrite the subpoenas long after the fact and without sufficient explanation of why he believes this to be appropriate. While Mr. Arora claims that the bulk of the documents are irrelevant or non-responsive, he fails to describe those documents to the Court, thereby giving absolutely no basis for a ruling in his favor. Further, he has not demonstrated that any of the documents that Seach and Sinclair intend to produce are privileged or that he would otherwise suffer any prejudice from their production. Therefore, Mr. Arora's motion to compel is **DENIED** and JWR's motion to compel is **GRANTED**; Seach and Sinclair shall provide all documents that are responsive to the subpoenas to JWR **within 7 days of the date of this Entry**.

      Mr. Arora also asks in his motion that he be given an "enlargement" of 60 days to "respond[2] to the issues raised in paragraph 1 of this motion." It is unclear to the Magistrate Judge what, if any, deadline Mr. Arora is seeking to "enlarge." It is also not clear what it is that Mr. Arora hopes to accomplish by the brief he contemplates filing. To the extent that Mr. Arora objects to the fact that JWR's counsel may have obtained copies of litigation files from the Marion County Clerk's office, that complaint is without merit. JWR's counsel is entitled to obtain those public records just as any member of the public is, regardless of whether they are relevant to this

---

[2]Mr. Arora has by amendment of his motion changed the word "respond" to "file a brief relative to."

action; a ruling that bars discovery of a document does not prohibit a party from obtaining the document through legitimate, extra-judicial means, such as from a public entity.  In any case, inasmuch as there does not appear to be a deadline to enlarge, Mr. Arora's request for a 60-day enlargement is denied.  Further, Mr. Arora is cautioned that he is not a party to this action and his only apparent interest in this case–the non-party subpoenas issued to Sinclair and Seach–has now been resolved, so it is unlikely that any further filings by him would be appropriate.  Therefore, Mr. Arora's motion entitled Motion to Compel JWR to Serve Its Filing in the Matter Related to Apparent Circumvention of Court's Order on the Undersigned and to Cooperate with the Undersigned to Resolve the Dispute Expeditiously (dkt. #246) is **DENIED AS MOOT**.  However, since Mr. Arora now has make it abundantly clear that he is no longer represented by counsel, in the unlikely event that JWR finds it necessary to file anything further in this case that relates to Mr. Arora individually, rather than the Plaintiff in this case, JWR shall serve a copy of such filing on Mr. Arora and shall include Mr. Arora on the certificate of service.

      Finally, the Magistrate Judge has considered Mr. Arora's Motion to Strike JWR Defendant's [sic.] Response to Non-Party Motion (dkt. #248), and that motion is **DENIED**.  Motions to strike are disfavored and should be used sparingly to address things that are scandalous or outrageous and simply have no place in the Court's record.  It is not appropriate to move to strike something because you believe it is factually inaccurate or irrelevant to the matter at hand, which is what Mr. Arora has done.

      SO ORDERED:   10/30/2007

                                                  Hon. William T. Lawrence, Magistrate Judge
                                                United States District Court
                                                Southern District of Indiana

Copies to:

Nigam Arora
P.O. Box 720
Fishers, IN 46038

Stephen L. Vaughan
INDIANO VAUGHAN LLP
steve@iplawindiana.com

Kevin M. Boyle
OVERHAUSER LAW OFFICE
kboyle@overhauser.com

Mark J. Dinsmore
BARNES & THORNBURG LLP
mark.dinsmore@btlaw.com

Kandi Kilkelly Hidde
BINGHAM MCHALE
khidde@binghammchale.com

John T L Koenig
BARNES & THORNBURG LLP
jkoenig@btlaw.com

John R. Maley
BARNES & THORNBURG
jmaley@btlaw.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES
poverhauser@overhauser.com

Rafael A. Sanchez
BINGHAM MCHALE
rsanchez@binghammchale.com

Dennis Scott Schell
OVERHAUSER LAW OFFICE
dschell@overhauser.com

DANIEL MADDOX
13550 Uhl Lane NW
Palmyra, IN 47164