UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **KNOWLEDGE A-Z, INC.,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
|      vs. ) | CAUSE NO. 1:05-cv-1019-RLY-WTL |
| ) | |
| **JIM WALTER RESOURCES, INC., et al.,** ) | |
| ) | |
|    **Defendants.** ) | |

### ENTRY ON MOTION TO EXCLUDE EXPERT WITNESSES

This cause is before the Magistrate Judge on the JWR Defendants' Motion to Exclude Expert Witnesses or, in the Alternative, to Compel Expert Reports and Expert Interrogatories (dkt. # 249).[1] The motion is fully briefed, and the Magistrate Judge, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion to the extent and for the reasons set forth below.

The deadline for the Plaintiff's expert disclosures in this case was August 31, 2007. Shortly before that date, the Plaintiff identified Nigam Arora, the Plaintiff's current president, and Lovii Arora, the Plaintiff's former CFO, as its expert witnesses. The Plaintiff did not provide the Defendants with expert reports from Mr. and Mrs. Arora, taking the position that it was not required to do so because the Aroras were not "retained or specially employed to provide expert testimony" and their duties as employees of the Plaintiff did not "regularly involve giving expert testimony." *See* Rule 26(a)(2)(B). Whether the Plaintiff's interpretation of Rule 26(a)(2)(B) is correct is an interesting and complex question which, fortunately, does not need to be resolved for the sake of this expedited ruling. Suffice it to say that the Plaintiff's interpretation was at least reasonable and defensible, and therefore its failure to provide expert reports does not constitute

---

[1] The Magistrate Judge is aware that there are other, earlier-filed motions pending; however, as discussed during the October 25, 2007, status conference, this ruling is being expedited because of its impact on other deadlines.

cause for barring the Aroras' expert testimony as urged by the JWR Defendants.

What is less reasonable and defensible is the Plaintiff's failure to provide adequate responses to the JWR Defendants' interrogatories aimed at identifying the Aroras' expected expert testimony.  Essentially, the Plaintiff has taken the position that the Aroras have not yet formed their expert opinions and therefore cannot be expected to provide them to the Defendants at this time.  However, regardless of whether the Plaintiff is correct that the requirements of Rule 26(a)(2)(B) do not apply to the Aroras' expert testimony in this case, the case management deadlines does.  As the Plaintiff acknowledges, Federal Rule of Civil Procedure 26(b)(4)(A) gives the Defendants the right to depose all expert witnesses identified by the Plaintiff; the case management plan required the Defendants to do so by the expert discovery deadline of October 31, 2007.  It is nonsensical to suggest, as the Plaintiff seems to, that the Plaintiff's experts are under no obligation to form their expert opinions prior to their depositions.  It is also nonsensical to suggest that the Defendants are not entitled to use interrogatories to obtain those opinions in advance of the depositions so that they may properly prepared for them.  There is nothing in the rules that prohibits such interrogatories, and it would not be logical to do so.

The Plaintiff shall respond fully and completely to the Defendants' expert interrogatories **within 15 days of the date of this Entry**.  This deadline will not be extended absent a showing of extraordinary circumstances.  The Plaintiff should anticipate that the Aroras' expert testimony at trial will be limited to the opinions and bases therefor that are set forth in these interrogatory responses, absent a showing of good cause for future supplementation of those answers which, frankly, will be very difficult to make.  The JWR Defendants shall have **15 days following receipt of the Plaintiff's expert interrogatory responses** to depose the Aroras, and shall make their own expert disclosures and serve their expert reports **within 21 days thereafter**.

SO ORDERED: 11/08/2007

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification