UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KNOWLEDGE A-Z, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:05-cv-1019-RLY-WTL |
| | ) |
| JIM WALTER RESOURCES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### ENTRY ON JWR DEFENDANTS' MOTION TO COMPEL

This cause is before the Magistrate Judge on a motion to compel filed by the JWR Defendants (docket #234). The motion is fully briefed, and the Magistrate Judge, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion to the extent and for the reasons set forth below.

In the instant motion, the JWR Defendants seek five categories of documents from the Plaintiff. First, they seek all minutes from meetings of the Plaintiff's Board of Directors for the time period of 2000 to the present. The Plaintiff asserts that the JWR Defendants narrowed the scope of their request for Board minutes and that there are no documents that are responsive to the narrowed request. However, as the Plaintiff's own exhibit shows, the JWR Defendants did not agree to narrow their request generally, but rather, recognizing the Plaintiff's objection that the request was overbroad, asked that the Plaintiff at least produce a subset of the requested documents prior to an upcoming deposition. The Magistrate Judge does not find the request to be overbroad; the motion is **GRANTED** as to all of the Board minutes requested.

Next, the JWR Defendants requested copies of the Plaintiff's state and federal income tax returns from 2000 to the present; they have received only the federal returns from 2000-2006. The Plaintiff has refused to produce the requested state tax returns on the ground that they are

duplicative of the federal returns. This argument is without merit; the motion is **GRANTED** as to the state tax returns from 2000-2006. The Plaintiff has not produced its 2007 tax returns because those have not yet been filed; the Plaintiff cannot produce documents that do not exist, and therefore the motion is **DENIED** as to the 2007 federal and state tax returns. However, the Plaintiff shall promptly supplement its response and produce those tax returns in the event that they are filed before the conclusion of this litigation.

The next issue involves certain deposition transcripts. When the JWR Defendants reviewed the boxes of warehoused documents made available by the Plaintiff in response to their document requests, one of the documents they marked for copying was the transcript of the deposition of Susan Miller that was taken in another case involving the Plaintiff ("the *Seipel* case"). That transcript apparently has now been lost, and the attorney who represented the Plaintiff in the *Seipel* case did not retain a copy of it in his files. The JWR Defendants want the Plaintiff to be required to obtain the transcript from another source–presumably the court reporter or opposing counsel. The Magistrate Judge believes that the more efficient course of action is for the JWR Defendants to obtain it themselves; however, in light of the fact that the transcript was lost by the Plaintiff or its agent, the Plaintiff shall reimburse the JWR Defendants for the cost of obtaining the transcript. Should the transcript be covered by a protective order, the Plaintiff shall execute whatever release is necessary to enable the JWR Defendants to obtain it.[1]

The same holds true of the other depositions sought by the JWR Defendants, those of Nigam Arora, the president of the Plaintiff. The Magistrate Judge is sympathetic to the JWR Defendants' frustration with the fact that Mr. Arora is intimately involved in this case, to which he

---

[1]The Plaintiff suggests that the JWR Defendants have not demonstrated the relevance of this transcript; however, the Plaintiff waived this argument when it chose to make all of its warehoused documents available for the defendants to sort through, rather than culling through them itself and producing only the relevant documents.

is not a party, and yet he is unwilling to cooperate and obtain deposition transcripts from the attorneys who have represented him in other cases to which he was a party.[2] However, it appears that the Plaintiff does not possess copies of the transcripts at issue, and rather than debating the rather esoteric question of whether the Plaintiff can and should be compelled to require its president to produce documents from lawsuits in which the president, but not the corporation, was a party, the Magistrate Judge believes that the JWR Defendants should obtain the transcripts themselves. Indeed, it is likely that the transcripts are among the documents that the JWR Defendants have obtained, or are in the process of obtaining, by means of non-party subpoenas they have issued to various law firms that have represented the Plaintiff and/or Mr. Arora. The Plaintiff shall cooperate in any way necessary with the Plaintiff's efforts to obtain these depositions, including, if applicable, signing any necessary release.

Next, the JWR Defendants seek all documents that reflect communications between the Plaintiff and its insurance carrier(s) that "refer or relate to the alleged loss/theft of the eWarehouseA-Z software." The Plaintiff's only objection to this request is that the JWR Defendants have made the same request to the Plaintiff's insurance company and have received 598 pages of responsive documents from it; therefore, the Plaintiff argues, it is "unreasonably duplicative, burdensome, and harassing" for the JWR Defendants to insist that the Plaintiff produce the same set of documents. However, as events in this case amply demonstrate, documents sometimes get lost, and files can be incomplete for a variety of reasons. Therefore it is certainly possible that the Plaintiff has responsive documents that the insurance company has not produced. In light of that fact, and inasmuch as the Plaintiff has not demonstrated that it will be

---

[2]It is a bit unclear how many Arora transcripts are at issue. The parties refer to only one specifically–the one taken in the *Sinclair* case–but the request is for any such transcripts from any other lawsuit that relates to the eWAREHOUSE A-Z software, so there may be others that are responsive.

particularly burdensome for it to produce the requested documents, the motion to compel is **GRANTED** as to this request.

Finally, the JWR Defendants seek the notes that Mr. Arora took during his individual deposition and while he was testifying as the Plaintiff's Rule 30(b)(6) deponent in this case. The Plaintiff asserts in its response to the instant motion that the notes are protected by the attorney-client privilege because they were intended to be confidential communications with counsel. Regardless of whether the attorney-client privilege applies, the notes clearly are protected by the work product privilege. Accordingly, they are not discoverable, and the motion to compel is **DENIED** as to Mr. Arora's notes.[3]

SO ORDERED:   12/19/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[3] The Magistrate Judge does not find the JWR Defendants' waiver argument persuasive; the fact that Plaintiff's counsel did not immediately object to producing the documents, but "merely directed counsel for the JWR Defendants to submit an appropriate request for the notes," Reply at 13, does not constitute a waiver of privilege.