UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| KNOWLEDGEAZ, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-1019- RLY-JMS |
| | ) | |
| JIM WALTERS RESOURCES, INC., GUY HENSLEY, JAMES BEASLEY, DENNIS SEIPEL, DANIEL MADDOX, NICKELLIE, LLC and ACTION AUTHORITY, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON ALL PENDING MOTIONS**

To say that the motions practice in this case has been extensive would be an extreme understatement.  Despite the constant efforts of this court to marshal this matter toward trial and keep up with the proliferation of filings, the parties and their counsel seem to engage in endless (and sometimes pointless) bickering and draw from a bottomless inkwell in submitting their disputes to the court for resolution.  This entry addresses the motions currently pending before the court and is organized chronologically by the docket numbers of the various motions.

1

**Docket Entry # 298 - Defendants' Motion to Strike Plaintiff's Designated Experts**

On August 22, 2007, Plaintiff designated Nigam and Lovi Arora as their expert witnesses. Plaintiff claimed that it was not required to provide the written expert reports required under Fed. R. Civ. P. 26(a)(2)(B) because, as principals of the Plaintiff, the Aroras were not "retained or specially employed to provide expert testimony." Defendants served expert interrogatories on Plaintiff in an attempt to discern what expert testimony the Aroras intended to offer. The responses to those interrogatories were significantly deficient, with Plaintiff claiming the Aroras had yet to develop their opinions and the Defendants insisting that they were entitled to discover expert opinions prior to taking expert depositions. On November 8, 2007, the court granted a motion to compel complete responses to those interrogatories and gave Plaintiff fifteen days to provide those responses. Defendant, Jim Walters Resources, Inc. ("JWR"), claims that it has never received complete responses to the interrogatories nor any written expert reports. Plaintiff, KnowledgeAZ. Inc. ("KAZ"), contends that it fully complied with the court's directive to provide full and complete responses.

In its supplemental response to the expert interrogatory which asked for Plaintiff to "identify each expert witness you intend to rely on at trial," KAZ identified only Nigam Arora. The first contention raised by JWR in its Motion to Strike Experts is that Lovi Arora should not be allowed to provide expert testimony, since KAZ failed to identify her as an expert in response to the interrogatories. While KAZ does not expressly concede

2

this argument in its response, it does ignore the argument and makes no effort whatsoever to justify any expert testimony it might try to elicit from Lovi Arora.  Consequently, Lovi Arora will not be allowed to testify as an expert witness.

In attempting to comply with the court's order to provide full and complete responses to the expert interrogatories, KAZ offered some very confusing and inconsistent supplemental responses.  After identifying Nigam Arora as an expert witness upon whom KAZ intends to rely, it stated that his opinions were made known on November 23, 2007, presumably at a deposition taken on that date.  Further, in its supplemental responses to the expert interrogatories, KAZ repeats its recitation from its first response to the interrogatories, stating that "Facts, opinions, and conclusions reached by Nigam Arora have not been developed."  Then, in supplemental response to a question asking for a summary of the grounds for any opinions, KAZ states that its counsel provided Mr. Arora a slate of questions upon which to provide an opinion and then attaches the questions and Mr. Arora's responses to those questions.  While the questions and answers provide some insight into Mr. Arora's opinions and the bases for those opinions, it is not completely responsive to the question as posed by JWR and certainly offered in a less than efficient and helpful form.  Finally, in response to interrogatory number four, which asks if a report has been generated by any of KAZ's experts, the response from KAZ is " See response to Interrogatory No. 4", as though there was some other interrogatory number four to turn to.

The court would be well within its discretion to bar Nigam Arora from testifying as an expert, based on the confusing and less than complete responses KAZ has provided; however, it will not do so. Mr. Arora is, indisputably, the person within KAZ with the most knowledge regarding the software at issue and the claims being made and, because he was questioned during his depositions regarding topics to which he gave responses based upon his expertise, JWR will not be prejudiced by his providing such testimony at trial. However, his expert testimony will be limited to testimony on topics which were covered during the course of his depositions or upon which he has provided written responses during the course of discovery. Furthermore, as will be discussed later in this entry, the trial of this matter will be bifurcated, with the issue of liability being tried to the jury first and, then, only if the jury finds in favor of KAZ will evidence on the issue of damages be submitted to the jury. Accordingly, the scope of Mr. Arora's testimony will be limited to the opinions he has expressed previously during the course of discovery.

Defendants' Motion to Strike Plaintiff's Designated Experts (Docket # 298) is GRANTED IN PART. Lovi Arora may not testify as an expert and Nigam Arora's expert testimony is limited to that which he has disclosed to counsel for JWR to date, either through deposition or through written discovery responses.

**Docket Entry # 339 Plaintiff's Motion For Leave to File Surreply**

Plaintiff's Motion For Leave to File Surreply is GRANTED.

**Docket Entry # 412 Plaintiff's Motion For Hearing**

Plaintiff sought a hearing in connection with its summary judgment motion, which motion the court has previously ruled upon.  Consequently, Plaintiff's motion is DENIED as moot.

**Docket Entry # 414 Defendants Motion to Strike Portions of Charles Harbert's Affidavit and Deposition**.

Defendants' sought to have the court strike portions of an affidavit submitted by Plaintiff in support of its summary judgment motion. The court has previously ruled upon the summary judgment motion.  Consequently, Defendants' Motion to Strike is DENIED.

**Docket Entry # 427 Motion to Reconsider Ruling on Motion For Protective Order, or Alternatively, For Order that JWR Destroy Certain Non-Responsive Documents**

Non-Party Nigam Arora, who is Plaintiff's principal, filed a motion seeking to have certain documents which were obtained through subpoena by JWR subject to the protective order previously entered in this case (Docket # 132).  JWR has filed no objection to this motion; therefore, the court hereby GRANTS the motion.  It is ORDERED that documents produced to JWR by non-parties, R. Neal Sinclair and/or Raymond Seach, shall be subject to the terms and conditions of the Stipulated Protective Order (Docket # 132) entered in this case.

**Docket Entry # 441 JWR's Motion for Counsel for KAZ to be Held in Contempt**

On October 26, 2008, this court sanctioned counsel for Plaintiff, requiring counsel to pay to JWR the amount of $4,227.00 within 30 days. Payment of the sanctions has not been made and JWR has filed a motion asking the court to hold counsel for KAZ in contempt. In conjunction with a Motion to Stay Execution of Sanctions Order (Docket # 445) which the court addresses below, counsel for KAZ has responded and offered to post the full amount of the sanctions award with the court, in cash, but asks that the money not be distributed until counsel has had an opportunity to appeal the sanctions award in conjunction with any final judgment rendered in this matter. Because the court is granting counsel's Motion to Stay Execution of Sanctions Order, JWR's Motion for Counsel for KAZ to be Held in Contempt is DENIED.

**Docket Entry # 443 Motion for Reconsideration/Clarification of Rulings on Summary Judgment**

Plaintiff asks this court to reconsider or clarify its entry of September 30, 2008, in which it granted summary judgment to various Defendants on a number of Plaintiff's claims and dismissed all claims against Defendant, Guy Hensley. In fact, Plaintiff has filed two motions asking for reconsideration (*see also* Docket # 459). The first, which the court addresses in this section of the entry, deals with issues between Plaintiff and JWR which remain unresolved or were addressed in the September 30, 2008, order. The latter, which addresses the court's rulings on issues effecting Plaintiff's claims against

Defendants, Dennis Seipel and Action Authority, LLC, is addressed later in this entry.

With respect to its claims against JWR, Plaintiff asks the court to: 1) clarify that the parties' written agreement to limit the time period within which claims must be brought applies only to breach of contract claims and that copyright infringement claims may be brought for claims accruing within a three-year limitations period; 2) clarify that KAZ's copyright infringement claims include claims of copying when JWR uses KAZ's software on its computers without authorization; and, 3) allow KAZ's claims for breach of contract based on a theory of "continuing" breaches occurring within the limitations period set forth in the written agreement between the parties.

The first request is easily denied. Nothing in this court's September 30, 2008, order could be interpreted as allowing any of KAZ's copyright claims which accrued outside the limitations period within the written agreement to proceed. In fact, it is clear from footnote four of the entry that this was not the intent of the order, and KAZ offers the court no new or good reason for it to change its mind. As the agreement states, neither party was to bring a lawsuit "regardless of form" unless it was brought within two years from whence the cause of action "occurs."[1]

---

[1] In its previous order, the court noted that the use of the word "occurs" was the choice of KAZ, as it was the party that drafted the agreement, and that it would be interpreted to mean that the limitations period ran from the point when the damaging conduct occurred, regardless of when it was discovered.

It is not at all clear to the court what it is that KAZ seeks to clarify with its second request. In its brief it states: "KAZ invites the Court to clarify whether, during trial, it will allow evidence on the existence of copyright infringement and damages from JWR's continued infringing use of KAZ's software on computers that were originally licensed." First, as indicated previously, this case will be bifurcated for purposes of trial and only evidence as to liability will be found admissible during the first stage of the trial. The court has already ruled that KAZ was well aware of the fact that JWR would need to continue to use the software after KAZ notified JWR that it could no longer support it and then later purportedly withdrew any authorization it had given JWR to continue using the software. KAZ's claims for copyright infringement for continued use of the eWarehouseA-Z software were not brought within two years as required by the contract and the court has ruled that the claims were not continuing claims. Nothing has caused the court to change its earlier determination and there is nothing further to clarify.

Nor does KAZ have a "continuing breach of contract claim" which would allow it to overcome the fact that it did not bring a breach of contract action within two years of Nigam Arora's January 6, 2003, letter to JWR purporting to revoke its license to use the software. KAZ was well aware that, and JWR admits that, JWR continuously used the eWarehouseA-Z software as an essential part of its business practices after the purported withdrawal of permission. Accordingly, KAZ's third request is rejected as well and the Motion for Reconsideration/Clarification of Rulings on Summary Judgment (Docket #

443) is DENIED.

### Docket Entry # 445  Motion to Stay Execution of Sanction Order and Approve Posting of Security for Stay on Appeal

As indicated earlier in this entry, Plaintiff's counsel has yet to pay to JWR the amount of the sanctions this court awarded in its order of October 26, 2008.  Plaintiff's counsel has offered to pay the money into the court, but states that it intends to appeal the sanction, which it may do immediately following the sanctions order or after a final judgment is entered.  *Nisus Corp. v. Perma-Chink Systems, Inc.,* 497 F.3d 1316, 1319 (Fed. Cir. 2007).  If counsel is required to pay the money over to JWR now, rather than to place it with the court, counsel for Plaintiff would have to seek repayment of the award from JWR should it be successful with such an appeal.

While Plaintiff's counsel could, and should, have brought this request to the court prior to the running of the 30-day period counsel was given to pay the sanctions award, the nature of the request is reasonable and JWR is not prejudiced in any manner.  After all, counsel has agreed to pay the full amount of the award into the court to serve as security for an appeal and, if not, then for later distribution to JWR.  Upon further reflection, the court agrees with counsel for Plaintiff that, the best way to handle an appealable monetary sanction levied during the course of the litigation is to require that the funds be paid into the court.

Accordingly, Plaintiff's Counsel's Motion to Stay Execution of Sanction Order and Approve Posting of Security for Stay on Appeal (Docket # 445) is GRANTED and legal counsel for KAZ, Overhauser Law Offices, LLC, is ordered to pay the full amount of the sanctions into the court within 10 days of this order. It is further ordered that the Clerk accept and deposit into the registry of the court a deposit by legal counsel for KAZ, in the amount of $4,227.00, in this cause and that the Clerk promptly and properly invest said monies in an interest-bearing account and deduct a registry fee as a percentage of the income earned on the investment over the period such sums remain deposited and invested, not to exceed 10 percent. Following the entry of any final judgment in this matter, the court will determine whether the funds may remain deposited as a security for any appeal of this court's sanctions order or be distributed in a manner consistent with that order.

**Docket Entry # 449 Defendants, Dennis Seipel and Action Authority, LLC's, Motion to Recover Attorney Fees and Costs as Prevailing Party**
**Docket Entry # 451 Bill of Costs**

17 U.S.C. § 505 provides the court with discretion to award attorney fees to the prevailing party in a copyright infringement action. This court granted summary judgment in favor of Defendants, Dennis Seipel and Action Authority, LLC ("Action Authority"), on KAZ's copyright infringement and inducement to infringe claims. Those Defendants have filed a motion seeking an award of their attorney fees and have also filed a bill of costs. KAZ contends that both are premature. In a sense, KAZ is correct.

Fed. R. Civ. P. 54 addresses the entry of judgment and the pursuit of costs and attorney fees.  Costs other than attorney fees, are taxed by the Clerk of the court upon the filing of a bill of costs by a prevailing party.  The party against whom costs are taxed has five days in which to file a motion objecting to any of the taxed costs.  Fed. R. Civ. P. 54(d)(1).  "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."  10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2667, p. 204 (3d ed. 2008).

This district's local rules provide 14 days following entry of final judgment for the filing and service of a bill of costs and any motion for assessment of attorney fees.  Local Rule 54.1.  While neither Fed. R. Civ. P. 54 nor Local Rule 54.1 specifically state that a final judgment must be entered before a prevailing party may seek costs or attorney fees, the same seems to be a legitimate inference.  While it may be true that a party can prevail on various issues before it receives a judgment, it is the final judgment which solidifies that status, at least prior to any appeal.  Further, as a practical matter, it is not the practice of this court for the Clerk to tax costs or the court to rule on any objection until after a final judgment has been entered and, even then, sometimes costs are not taxed until after an appeal, to assure that no party has to seek reimbursement from another following a successful appeal.  The awarding of attorney fees is, generally,  an action taken by the court contemporaneous to the entry of a judgment, or done subsequently upon the petition of a party.

In this matter, the court has yet to enter a final judgment. Nor has the court certified any of its prior orders as final with respect to a particular party, adding the "no just reason for delay" language prescribed by Fed. R. Civ. P. 54(b). This has been intentional on the part of the court, as the litigants have shown every sign of pursuing their respective positions through any and all levels of appeal possible. If this case does make its way to the Seventh Circuit, it would only be appropriate to offer that Court the opportunity to address all appealable issues in a singular effort. Accordingly, while the Bill of Costs and Motion for Attorney Fees filed by Defendants Seipel and Action Authority appear to be well taken,[2] the court does not intend to act on these requests prematurely. When all the claims in this lawsuit have been resolved, the court will take appropriate action with regard to any and all requests for costs and fees.

Defendants Dennis Seipel and Action Authority's Motion to Recover Attorney Fees and Costs as Prevailing Party (Docket #449) and their Bill of Costs (Docket # 451) are **UNDER ADVISEMENT.**

**Docket Entry # 459 Plaintiff's Motion For Reconsideration of Ruling on Summary Judgment Motions of Dennis Seipel and Action Authority, LLC**

More than 60 days after this court's order granting summary judgment to Dennis

---

[2]The court recognizes that there is a strong presumption in favor of fee shifting and awarding attorney fees to the prevailing party in copyright litigation. *See Riviera Distributors, Inc. v. Jones*, 517 F.3d 926 (7th Cir. 2008).

Seipel and Action Authority, and faced with those same Defendants' Bill of Costs and Motion for Attorney Fees, KAZ suddenly moves the court to reconsider its ruling in favor of Dennis Seipel and Action Authority. While the sincerity of the request is not doubted, its tardiness is apparent and its bases are without merit.

KAZ contends that the court misapprehended the deposition testimony of Nigam Arora and unfairly limited the scope of its claims against these Defendants to their activities involving JWR. First, these are arguments which should and could have been made during the course of briefing the summary judgment motion. Arguments in opposition which are not made at the time the court is considering a summary judgment motion are deemed waived. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005). Nevertheless, the court did not misapprehend or misunderstand the nature of the conflicting testimony offered by Nigam Arora, and KAZ itself limited the scope of its infringement claims.

If, as he states in his affidavit, Nigam Arora knew that through Action Authority, Seipel had offered the source code of eWarehouseA-Z to a company called Nalpac, then in his 2007 deposition he was bound by oath to state the same in response to questioning regarding how he learned that Nalpac had access to the source code. KAZ's attempt to mince Arora's words with regard to when he had knowledge that Nalpac actually possessed the source code (based on double hearsay), as opposed to it simply being offered the code, is not at all convincing. His testimony and his affidavit are at odds.

13

This court's entry granting summary judgment stated that: "the complaint in this lawsuit contains no allegations with regard to competing software or NalPac. This is a lawsuit about JWR's continued use of the eWarehouseA-Z software and whether JWR and its codefendants conspired or colluded in some inappropriate manner to infringe and use copyrighted materials." KAZ counters here by arguing that nothing in its Amended Complaint limits its copyright infringement claims against Seipel and Action Authority to those which involved the interaction of those two with JWR. However, the complaint, which mentions nothing of Nalpac, is not the only source the court can turn to in order to understand, in KAZ's own choice of words, what it is claiming in the lawsuit. KAZ was required to submit a detailed, descriptive summary of its claims as a part of an agreed case management plan. That agreed plan was approved by the court on November 17, 2005, and the synopsis of KAZ's claims is clearly limited to infringement scenarios involving JWR and its alleged collusion with Seipel, Action Authority and others to secure and utilize the source code from KAZ's eWarehouseA-Z software. This case has always been about the use of the software by JWR and the use of the source code by JWR and other Defendants that are claimed to have assisted or colluded with JWR,  KAZ's sudden attempt to expand the universe of its allegations notwithstanding.

Accordingly, Plaintiff's Motion For Reconsideration of Ruling on Summary Judgment Motions of Dennis Seipel and Action Authority, LLC (Docket # 459) is DENIED.

**Docket Entry # 464 Defendants Seipel and Action Authority's Motion to Certify Order as Final Judgment**

Defendants Seipel and Action Authority request the court to certify its entry and order of September 30, 2008, as a final judgment with respect to those two defendants, pursuant to Fed. R. Civ. P. 54(b), so that the appeal clock can start running. Denial of such certification is entirely within the discretion of the trial court. *Local P-171, Amalgamated Meat Cutters and Butcher Workmen of North America v. Thompson Farms Co.,* 642 F.2d 1065, 1071-72 (7th Cir. 1981). As the court noted earlier, it is its intent to enter final judgment only after conclusion of the case with respect to all issues and parties.

Accordingly, Defendants Seipel and Action Authority's Motion to Certify Order as Final Judgment (Docket # 464) is DENIED.

The court is requesting the Magistrate Judge schedule a conference to determine readiness for trial and to set a prompt trial date. Three days will be set aside for completion of the trial, as the issues and claims to be tried have been trimmed down by earlier rulings. What survives is KAZ's claim against JWR for copyright infringement or inducement to infringe for any infringing activity engaged in subsequent to July 12, 2003, two years prior to the filing of this lawsuit. In addition, KAZ may still pursue its claim of fraud against JWR. The trial will be bifurcated, with KAZ and JWR first presenting their evidence with regard to liability, following which the jury will be asked to decide the

liability issue.  If that issue is decided in favor of KAZ, the parties will then offer their evidence in support of their position relative to damages, which evidence will be considered by the same jury which decided the liability issue.  Separate instructions will be given to the jury prior to its deciding both liability and damages.

**IT IS SO ORDERED** this 19th day of February 2009.

_____
 RICHARD L. YOUNG, JUDGE
 United States District Court
 Southern District of Indiana

Electronic Copies to:

Kevin M. Boyle
OVERHAUSER LAW OFFICE
kboyle@overhauser.com

Jason L. Fulk
HOOVER HULL LLP
jfulk@hooverhull.com

Kandi Kilkelly Hidde
BINGHAM MCHALE LLP
khidde@binghammchale.com

John T L Koenig
BARNES & THORNBURG LLP
jkoenig@btlaw.com

Briana Lynn Kovac
BINGHAM MCHALE LLP
bkovac@binghammchale.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES
poverhauser@overhauser.com

Rafael A. Sanchez
BINGHAM MCHALE LLP
rsanchez@binghammchale.com

Dennis Scott Schell
OVERHAUSER LAW OFFICE
dschell@overhauser.com

Stephen Lewis Vaughan
INDIANO VAUGHAN LLP
steve@iplawindiana.com

Copy to:

DANIEL MADDOX
13550 Uhl Lane NW
Palmyra, IN 47164